Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2284 | **DATE** | 5/17/2012 |
| **CASE TITLE** | | Jordan vs. Provena | |

**DOCKET ENTRY TEXT**

Jordan's Motion to Proceed *In Forma Pauperis* is denied but his case is dismissed for failure to state a claim.

■[ For further details see text below.]                                    Docketing to mail notices.

---

## STATEMENT

Plaintiff Melza E. Jordan Sr. ("Jordan") moves to proceed *in forma pauperis* without the full prepayment of filing fees. For the reasons stated below, Jordan's Motion to Proceed *In Forma Pauperis* is denied.

Jordan attempts to bring a cause of action against the Provena St. Joseph Medical Center; Daniel Knight, in his individual capacity as an employee of Provena; Sarah E. Quigley, in her individual capacity as an employee of Provena; Timothy R. Hall, in his individual capacity as an employee of Provena; and Dr. Devassi, in his individual capacity as an employee of Provena, for violations of his civil rights, pursuant to 42 U.S.C. § 1985. Jordan claims that Provena and its employees entered into a conspiracy to detain him against his will in the Psychiatric Ward of Provena, and thereby violated his Fourth and Fourteenth Amendment Rights.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Jordan to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Jordan need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See id.* According to his financial affidavit, Jordan is currently unemployed but was employed by Caterpillar Tractor Inc., from March 28, 1968 to sometime in 1982. Jones earned $612.00 in salary over the past twelve months. Also within the past twelve months, Jordan received $28,123.00 in pension payments, social security payments, and disability payments. Jordan has $7,400.00 in a checking or savings account. He owns stocks, bond, securities, or other financial

**STATEMENT**

instruments in the amount of $175,000.00, which he represents has a current value of $125,000.00. Jordan owns real estate, namely his personal residence, which he represents has a current value of $150,000.00. Jordan also owes a car with a current value of $21,065.00. Based on these facts, Jordan's financial affidavit does not set forth his inability to pay the mandated court fees.

Under 28 U.S.C. § 1915, the Court must look beyond Jordan's financial status to determine whether he has a valid claim to proceed. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis*, the court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *Allen v. JP Morgan Chase*, 2010 WL 1325321 at *1 (N.D. Ill. 2010) (citing *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000)).

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. See *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)). To properly state a valid claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true ... 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To determine whether a complaint meets this standard the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678. If the factual allegations are well-pleaded, the Court assumes their veracity and then proceeds to determine whether they plausibly give rise to an entitlement to relief. *Id* at 679. A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. See *id.* at 678. However, "courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Here, Jordan alleges that the Defendants violated 42 U.S.C. § 1985(3) by conspiring to deprive him of his Fourth Amendment right to be free from unlawful seizure and his Fourteenth Amendment right to "the equal protection of the laws to be free of arbitrary and capricious involuntary detainment." Jordan alleges that the Defendants conspired to detain him in the psychiatric ward of the Hospital against his will and with the intent to subject him to psychiatric drugs and to fraudulently seize money from his medical insurance carrier. To support his allegations that the Defendants were conspiring with each other to deprive him of his constitutional rights, Jordan places his own affidavit into his complaint, reciting facts that he believes support his claims. Although § 1985(3) generally does not require state action in the commission of a conspiracy, it does when the plaintiff's allegations of conspiracy result from an alleged violation of the Fourteenth Amendment. *See Cohen v Illinois Institute of Technology*, 524 F.2d 81 (7th Cir. 1975). In a § 1985(3) suit for conspiracy to deprive the plaintiff of rights guaranteed by the Fourteenth

**STATEMENT**

Amendment, the plaintiff must show that the constitutional violation resulted from impairment by the state itself (or its actors operating under color of state law). *See id*. Likewise, the Fourth Amendment does not protect against purely private searches or seizures, even arbitrary or unreasonable ones, unless the private party is acting as an instrument or agent of the government. *See Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 614 (1989); *see also Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). The protections of the Fourth Amendment apply to federal officials, and have been incorporated through the Fourteenth Amendment to apply to the actions of state officials as well. *See Mapp v. Ohio*, 367 U.S. 643 (1961); *Wolf v. Colorado*, 338 U.S. 25 (1949). But the protections only extend to state sponsored searches and seizures, and not to wholly private seizures, which is what is alleged in the instant Complaint. *See Skinner*, 489 U.S. at 614. In *Spencer v. Lee*, the Seventh Circuit held that private physicians and private hospitals do not act under color of state law when they involuntarily commit an individual to the psychiatric ward of a hospital. 864 F.2d 1376 (7th Cir. 1989). Because the constitutional provisions that Jordan alleges the defendants conspired to violate require state action, which is not present on these facts, Jordan's Complaint fails to state a plausible entitlement to relief and is dismissed. *Iqbal*, 556 U.S. at 678.

Jordan's Motion to Proceed *In Forma Pauperis* is denied but his case is dismissed for failure to state a claim.