## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2284 | **DATE** | 7/3/2012 |
| **CASE TITLE** | Jordan vs. Provena | | |

**DOCKET ENTRY TEXT**

For the reasons set forth above the Court denies Jordan's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(6) is denied. Nevertheless, Jordan is not precluded from filing an amended Complaint properly alleging a cause of action. The Amended Complaint must be filed by July 31, 2012. Failure to file the Amended Complaint by that date may result in dismissal of the case or want of prosecution.

■[ For further details see text below.]   Docketing to mail notices.

### STATEMENT

Melza E. Jordan Sr. moves *ex parte* for relief from this Court's judgment of May 17, 2012 under Federal Rule of Civil Procedure 60(b)(6). Jordan has incorrectly moved for relief under Rule 60(b), but because his claims were dismissed by this Court without prejudice he may amend his Complaint if he is willing to pay the mandated filing fees.

On March 28, 2012, Jordan filed a *pro se* Complaint against the Provena St. Joseph Medical Center; Daniel Knight, in his individual capacity as an employee of Provena; Sarah E. Quigley, in her individual capacity as an employee of Provena; Timothy R. Hall, in his individual capacity as an employee of Provena; and Dr. Devassi, in his individual capacity as an employee of Provena. Jordan's Complaint claimed violations of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1985, alleging that Provena and its employees entered into a conspiracy to detain him against his will in the Psychiatric Ward of Provena. On the same day, Jordan moved to proceed *in forma pauperis* without the full prepayment of filing fees. Citing assets disclosed in Jordan's financial affidavit, this Court denied his Motion to Proceed *In Forma Pauperis*. Further, this Court dismissed Jordan's Complaint for failure to state a claim on the grounds that Jordan's allegations against private individuals and institutions did not allege the necessary state action to support a claim under 42 U.S.C. § 1985.

Jordan now moves for relief from this Court's judgment under Federal Rule of Civil Procedure 60(b)(6) and seeks leave to pay the necessary filing fees and to amend his Complaint to "cure the minor pleading defects" identified by this Court. Rule 60 of the Federal Rules of Civil Procedure

**STATEMENT**

prescribes the procedure to be followed to obtain relief from a final judgment. Under Rule 60(b)(6), the catchall provision of Rule 60, this Court may reopen a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b) is an extraordinary remedy and is only granted in very limited and exceptional circumstances. *See Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) (quoting *Reinsurance Company of America, Inc. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1277 (7th Cir. 1990)). To obtain relief from a final judgment under Rule 60(b) the movant must demonstrate extraordinary circumstances justifying the reopening of a final judgment. *See Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). The decision to grant a Rule 60(b) motion lies in the sound discretion of the district court, and its judgment will only be disturbed if it abuses that discretion. *See Martinez v. City of Chicago*, 499 F.3d 721, 727 (7th Cir. 2007).

Here, however, Jordan need not seek relief under Rule 60(b)(6). The Court's Order of May 17, 2012 did not dismiss Jordan's claims with prejudice. *See Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)) (a dismissal under the *in forma pauperis* statute is not a dismissal on the merits, but rather just an exercise of the court's discretion under the statute; therefore the dismissal of a complaint of a plaintiff moving to proceed *in forma pauperis* does not foreclose the filing of a paid complaint making the same allegations). A dismissal without prejudice is not a final judgment. *See Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 790 (7th Cir. 2004). In order to file a Rule 60(b) motion for relief from a judgment there must first be a final judgment entered from which relief can be granted. *See Martinez*, 499 F.3d at 725 ("The key is whether the [Rule 60] motion followed a final judgment, not how the finality of the judgment is demonstrated."). Therefore, there must be an entry of a final judgment from which the petitioner can seek relief before a plaintiff can seek leave to amend a complaint after a judgment has been vacated under Rule 60(b). *See Dubicz*, 377 F.3d at 790. Here, because Jordan's Complaint was dismissed without prejudice there is no final judgement to seek relief from pursuant to Rule 60(b). *See, e.g., Furnace v. Board of Trustees of Souther Illinois University*, 218 F.3d 666, 669 n.2 (7th Cir. 2000) (a district court's dismissal of a complaint without prejudice under the *in formal pauperis* statute is not a conclusive final judgment because it leaves the plaintiff with the opportunity to amend the complaint). Thus, Jordan is free to amend his Complaint if he is able to state a viable cause of action. Because the Court previously determined that Jordan is not so impoverished that he is unable to pay the mandated filing fees, if Jordan wishes to amend his Complaint he must pay those fees before he may proceed in this Court.

For the reasons set forth above the Court denies Jordan's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(6) is denied. Nevertheless, Jordan is not precluded from filing an amended Complaint properly alleging a cause of action. The Amended Complaint must be filed by July 31, 2012. Failure to file the Amended Complaint by that date may result in dismissal of the case or want of prosecution.